Jerry L. Steering [State Bar No. 122509]
Gregory Paul Peacock [State Bar No. 277669]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
jerrysteering@yahoo.com

Attorneys for plaintiff Trevor Wyman

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR WYMAN, | ) Case No. |
| Plaintiff, | ) COMPLAINT FOR DAMAGES FOR |
| | ) VIOLATION OF FEDERAL |
| vs. | ) CONSTITUTIONAL RIGHTS UNDER |
| | ) COLOR OF STATE LAW |
| COUNTY OF ORANGE, ZACHARY VARELA, and DOES 1 through 10, inclusive, | ) (42 U.S.C.§1983); FEDERAL |
| | ) CONSTITUTIONAL CLAIMS FOR |
| | ) VIOLATION OF FOURTH AMENDMENT |
| | ) RIGHTS-EXCESSIVE/UNREASONABLE |
| Defendants. | ) USE OF FORCE ON PERSON, |
| | ) VIOLATION OF FOURTEENTH |
| | ) AMENDMENT RIGHTS – EXCESSIVE / |
| | ) UNREASONABLE USE OF FORCE ON |
| | ) PERSON, VIOLATION OF EIGHTH |
| | ) AMENDMENT RIGHTS – EXCESSIVE |
| | ) /UNREASONABLE USE OF FORCE ON |
| | ) PERSON, CALIFORNIA STATE |
| | ) CLAIMS FOR VIOLATION OF CAL. |
| | ) CIVIL CODE §52.1, ASSAULT, |
| | ) BATTERY,INTENTIONAL INFLICTION |
| | ) OF EMOTIONAL DISTRESS |

COMPLAINT FOR DAMAGES

1

JURY TRIAL DEMANDED

**COMES NOW** plaintiff Trevor Wyman and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. As plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the plaintiffs' federal questions claims, this court has jurisdiction over the plaintiff's California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

4. Plaintiff has exhausted his administrative remedies pursuant to the Prison Litigation Reform Act.

## GENERAL ALLEGATIONS

5. Plaintiff Trevor Wyman, hereinafter referred to as "WYMAN" or "plaintiff WYMAN", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

6. Defendant Zachary Varela, hereinafter referred to as "VARELA", is, and at all times complained herein, was, a deputy sheriff with the Orange County Sheriff's Department. At all times complained of herein, VARELA was acting as an individual person under the color of state law, pursuant to his status as a deputy sheriff, and was acting in the course of and within the scope of his employment with defendant County of Orange.

7. Defendant County of Orange, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

8. Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Sheriff's Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUTY and/or otherwise employed by the Orange County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as

COMPLAINT FOR DAMAGES

3

sworn peace officers and/or deputy sheriffs and/or Sheriff's Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Orange County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

10. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Orange County Sheriff's Department and/or defendant County of Orange, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate deputies, approving actions of subordinate deputies), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Orange County Sheriff's Department for: 1) for using excessive / unreasonable force on persons; 2) for fabricating / destroying / concealing / altering evidence in civil actions, and for otherwise "framing" persons (i.e. maliciously prosecuting innocents), in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory

personnel from civil, administrative and criminal liability; and 3) for covering-up unlawful and tortious conduct by Orange County Sheriff's Department personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

11. Plaintiff is presently unaware of the identities of DOES 7 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

12. At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or Chief and/or the Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Orange County Sheriff's Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

13. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described

herein, above and below), and/or policy making peace officers, with the Orange County Sheriff's Department and/or otherwise with defendant COUNTY[1].

14. Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the Orange County Sheriff's Department / County of Orange, for, *inter alia*: 1) for using excessive / unreasonable force on persons; 2) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions (i.e. maliciously prosecuting innocents), in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; and 3) for covering-up unlawful and tortious conduct by Orange County Sheriff's Department personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

15. In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action,

---

[1] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES

6

and acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

16. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiffs' federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(By Plaintiff WYMAN, as Against all Defendants)**

17. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16, inclusive, above, as if set forth in full herein.

18. WYMAN had been harassed by VARELA and DOES 1 through 6, inclusive, since the time he was booked at Theo Lacy Facility.

19. Five days after WYMAN was booked at Theo Lacy Facility, VARELA asked WYMAN where he was from. WYMAN told VARELA that he lives with his grandparents in Laguna Hills, California.

20. VARELA responded by saying, "So you're a rich punk kid."

21. After VARELA called WYMAN a "rich punk kid" VARELA routinely

harassed WYMAN. VARELA would conclude WYMAN's visits with family for no reason; kick WYMAN's cell door and start yelling at WYMAN for no reason.; stomp on WYMAN's commissary and would constantly verbally harass WYMAN by calling him names and telling him that his ears "look retarded" because he previously had plugs in his ears.

22. On August 23, 2014, WYMAN was a pre-trial detainee inmate at the Theo Lacy Facility in Orange, California.

23. On August 23, 2014, VARELA and Does 1 through 6, inclusive, entered WYMAN's cell and ordered him to face the wall.

24. WYMAN told VARELA and Does 1 through 6, inclusive that he did not want to face the wall because he knew that they would smash his face into the wall.

25. VARELA and DOES 1through 6 then spun WYMAN around so that he was facing the wall and began beating WYMAN.

26. WYMAN bent over and tried to cover his head from the punches with his arms.

27. During the beating, VARELA and DOES 1 through 6, grabbed on to WYMAN's right ear and ripped WYMAN's ear off of his head.

28. The actions of VARELA, and said DOES 1 through 6, inclusive, as complained of herein, constituted a violation of WYMAN's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful,

unreasonable and excessive force on his person by Defendants DOES 1 through 6, inclusive.

29. As a direct and proximate result of the actions of Defendants, and each of them, as complained of herein, WYMAN: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

30. The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of WYMAN's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $5,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourteenth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(By Plaintiff WYMAN, as Against all Defendants)**

31. Plaintiff hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 30, inclusive, above, as though set forth in full herein.

32. The actions of said Defendants VARELA and DOES 1 through 6, inclusive,

COMPLAINT FOR DAMAGES
9

as complained of herein, constituted a violation of WYMAN's rights under the Fourteenth Amendment to the United States Constitution to be free from the use of unlawful, unreasonable and excessive force on their persons by said defendants.

33.     The actions of VARELA and DOES 1 through 6, inclusive, were malicious, shocking to the conscious and were done in reckless disregard for Plaintiff WYMAN's constitutional rights.

34.     As a direct and proximate result of the actions of defendants, and each of them, as complained of herein, WYMAN: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; and 3) incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial; is in excess of $10,000,000.00.

35.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of WYMAN's constitutional rights, sufficient for an award of punitive / exemplary damages against defendants DOES 1 through 5, inclusive, in an amount to be proven at trial which is in excess of $10,000,000.00.

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Eighth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(By Plaintiff WYMAN, as Against all Defendants)**

COMPLAINT FOR DAMAGES
10

36. Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 35, inclusive, above, as though set forth in full herein.

37. As described above Defendants VARELA and DOES 1 through 6, inclusive, acted maliciously and sadistically for the purpose of causing harm to WYMAN.

37. Said actions by Defendants VARELA and DOES 1 through 6, above-referenced, also caused WYMAN to suffer severe physical injury, and mental, and emotional pain and suffering; in an amount to be proven at trial, in excess of $10,000,000.00.

42. Said actions by Defendants VARELA and DOES 1 through 6, above-referenced, was done maliciously and in reckless disregard of WYMAN's constitutional rights; sufficient for an award of punitive damages against Defendants VARELA and DOES 1 through 6; in an amount to be shown at trial, in excessive of $10,000,000.00.

**FOURTH CAUSE OF ACTION**
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Against all Defendants)**

43. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42, inclusive, above, as if set forth in full herein.

44. The actions of defendants VARELA and DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff of the rights secured to him by the Constitution and laws of the United States, and of the rights

secured to them by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

45. Defendants VARELA and DOES 1 through 6, inclusive, are liable to plaintiff for said violations of their constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

46. As a direct and proximate result of the actions of defendants VARELA and DOES 1 through 6, inclusive, as complained of herein, plaintiff WYMAN: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $10,000,000.00.

47. The actions of defendants VARELA and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against all defendants, save for defendant COUNTY, in an amount to be proven at trial, in excess of $10,000,000.00.

48. In addition, as a result of the actions of defendants VARELA and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is entitled to an award of treble compensatory damages against all defendants, and each of them.

# FIFTH CAUSE OF ACTION
## Assault
## Under California State Law
### (Against all Defendants)

49. Plaintiff hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 48, inclusive, above, as if set forth in full herein.

50. The actions committed by Defendants VARELA and DOES 1 through 6, inclusive, as complained of herein, constituted an assault of WYMAN under California state law, as WYMAN was unlawfully placed in reasonable fear of receiving an imminent violent injury by Defendants VARELA DOES 1 through 6, inclusive.

51. Defendants, and each of them, are liable to WYMAN for said assault, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

52. As a direct and proximate result of the actions of Defendants VARELA and DOES 1 through 6, inclusive, as complained of herein, WYMAN: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of their real and personal property and 4) incurred other special and general damages and expenses; all in an amount to be proven at trial which is in excess of $10,000,000.00.

53. The actions of Defendants VARELA and DOES 1 through 6, inclusive, were committed maliciously, oppressively and constituted despicable conduct, sufficient for an

award of punitive / exemplary damages against all defendants, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $10,000,000.00.

### SIXTH CAUSE OF ACTION
### Battery
### Under California State Law
### (Against all Defendants)

54. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 53, inclusive, above, as if set forth in full herein.

55. The actions committed by Defendants VARELA and DOES 1 through 6, inclusive, as complained of herein, constituted unjustified non-consensual use of unlawful force and violence upon WYMAN, and constituted a battery of WYMAN under California State Law.

56. Defendants, and each of them, are liable to WYMAN for said battery, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

57. As a direct and proximate result of the actions of Defendants VARELA and DOES 1 through 6, inclusive, as complained of herein, WYMAN: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, and 3) incurred other special and general damages and expenses, all in an amount to be proven at trial which is in excess of $10,000,000.00.

58. The actions by Defendants VARELA DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and constituted

despicable conduct, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $10,000,000.00.

### SEVENTH CAUSE OF ACTION
**Intentional Infliction Of Emotional Distress
Under California State Law
(Against all Defendants)**

59. Plaintiff hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 58, inclusive, above, as if set forth in full herein.

60. Defendants VARELA and DOES 1 through 6, inclusive, knew and/or should have known that Plaintiff WYMAN was susceptible to suffering severe emotional distress from the actions taken and committed against WYMAN as complained of herein.

61. The actions committed by Defendants VARELA and DOES 1 through 6, inclusive, during the incident as complained of herein, were malicious, oppressive, and/or in reckless disregard for WYMAN's constitutional rights, was despicable and of such an outrageous nature as to be shocking to the conscience.

62. The actions of Defendants VARELA and DOES 1 through 6, inclusive, as complained of herein, committed against WYMAN, directly and proximately caused WYMAN to suffer severe emotional distress.

63. Defendants, and each of them, are liable to WYMAN for said intentional infliction of emotional distress pursuant to California state law, and otherwise pursuant to the common-law.


64.  As a direct and proximate result of the actions Defendants VARELA and DOES 1 through 6, inclusive, as complained of herein, Plaintiff WYMAN: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $10,000,000.00.

65.  The actions committed by Defendants VARELA and DOES 1 through 6, inclusive, as complained of herein, were malicious, oppressive and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against all defendants, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $10,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $10,000,000.00;

b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $10,000,000.00;

c) For an award of reasonable attorney's fees and costs;

///

///

///

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____
GREGORY PAUL PEACOCK